UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ZUFFA, LLC d/b/a Ultimate Fighting
Championship,
                Plaintiff,

v.

EYTAN SUGARMAN, individually and as an
officer, director, shareholder, principal, manager,
and/or member of SHNY Restaurant Group, LLC
d/b/a Ainsworth Social; and SHNY
RESTAURANT GROUP, LLC d/b/a Ainsworth
Social,
                Defendants.
------------------------------------------------------------x

**ORDER**

20 CV 2168 (VB)

      Plaintiff, through its counsel, commenced this action on March 11, 2020. In the civil cover sheet, plaintiff's counsel certified "that this case should be assigned to the [White Plains courthouse] pursuant to Local Rule for Division of Business 18, 20, or 21." (Doc. #2 at 2).

      Rule 18 states in pertinent part:

      A civil case shall be designated for assignment to White Plains if:

(i)     The claim arose in whole or in major part in the Counties of Dutchess, Orange, Putman, Rockland, Sullivan and Westchester (the "Northern Counties") and at least one of the parties resides in the Northern Counties; or

(ii)    The claim arose in whole or in major part in the Northern Counties and none of the parties resides in this District.

. . . [or]

(iii)   The claim arose outside this district and at least some of the parties reside in the Northern Counties; or

(iv)   At least half of the parties reside in the Northern Counties.

Rule 18(a).

      Rule 20 concerns removed actions and bankruptcy matters, and Rule 21 concerns social security actions and <u>habeas</u> <u>corpus</u> petitions.

      It is clear plaintiff's counsel failed to read these rules prior to certifying that this case should be assigned to the White Plains courthouse. No part of plaintiff's claim arose in the Northern Counties, and no parties reside in the Northern Counties.

1

This is not the first time plaintiff's counsel's firm incorrectly certified that a case should be assigned to the White Plains courthouse. (See, e.g., Joe Hand Promotions, Inc. v. Infante, 20cv1650 (VB)). And although plaintiff's counsel might prefer to litigate this case in White Plains, rather than Manhattan, such is not a proper consideration respecting the division of business in this District.

Accordingly, and going forward, counsel is ORDERED to read Local Rules for the Division of Business 18, 20, and 21, prior to certifying that a case should be assigned to White Plains or Manhattan.

Dated: March 12, 2020
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge